## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HYCHINE TANGER SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV246 ACL |
| | ) | |
| DR. AKINRINOLA FATOKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. This action will be dismissed due to plaintiff's failure to state a claim upon which relief can be granted.

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of

a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In reviewing a pro se complaint under § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S 232, 236 (1974).

## The Complaint

Plaintiff commenced this § 1983 action on September 26, 2016, naming several defendants and alleging, *inter alia*, denial of medical treatment. Upon review, the Court noted deficiencies in the complaint, including the fact that it essentially contained only official-capacity claims, and gave plaintiff leave to file an amended complaint to correct the deficiencies.

Plaintiff filed the amended complaint on November 10, 2016, naming as defendants Dr. Akinrinola Fatoki, A. Brewer, A. Del Rosario, Melissa Plunkett, A. Brown, Lisa Miller, S. Thomour, L. Acord, Patti Karol, and Unknown Ems. Therein, plaintiff alleges that he slipped and hurt his back and head, and that defendants Del Rosario and Brewer came to his aid and asked him how he was hurt. Plaintiff alleges that he requested medical treatment, but that Del Rosario and Brewer denied his request after briefly examining him. Plaintiff alleges that

defendant Fatoki refused to order certain medical testing that plaintiff felt was necessary, and that Fatoki and defendant Miller laughed at him when he did not know certain medical terminology. Plaintiff also alleges that he subsequently staged a hunger strike and refused to take his medications, and Miller told him he would not see the doctor if he continued to refuse food and medicine. Plaintiff alleges that defendant Plunkett told plaintiff that she had laughed while watching a videotape of his slip and fall, refused to give him pain medication until he completed a medical service request, and refused to give him medical records. Plaintiff alleges that defendant Ems addressed him using a racial epithet and slammed a door. Plaintiff alleges that defendant Brown placed him in handcuffs when taking him to the doctor, and tried to trip him by stepping on the back of his house shoes. Plaintiff alleges that defendant Acord threw his laundry bag on the floor, and that defendant Thomour denied his request for certain clothing and offered him "some popcorn he had his fingers in." (Docket No. 17 at 10). Plaintiff refers to defendant Karol as "The Master Mind," and alleges that she staged a lockdown in order to keep plaintiff from using the telephone, and told him that the telephones were not functioning. (*Id.*) However, plaintiff acknowledges that Karol later made the telephone call for him using a different telephone. He also alleges that Karol denied him cleaning supplies and soap, but he includes no facts regarding the circumstances under which these supplies were denied or what harm he suffered as a result. Plaintiff makes various other accusations against Karol, including that she "hindered evidence," and allowed other inmates use the telephone and watch television. (*Id.* at 11).

Since the filing of his initial complaint, plaintiff has filed nine documents in an attempt to amend his pleadings by interlineation. However, the Court does not accept amendments by interlineation or supplementation. *See* E.D.Mo. L.R. 2.06(a); *see also Popoalii v. Correctional*

3

*Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Plaintiff has been advised that he is required to set forth the entirety of his complaint on a court-provided form. (Docket No. 11).

For his claims for relief, plaintiff demands that the defendants be fired, take victim impact classes, "learn their 'Constitutional Rights,'" and perform 1000 hours of community service. He also requests $10,500,000.00 in monetary damages.

## Discussion

None of plaintiff's allegations amount to constitutional violations for which plaintiff can seek relief in this 42 U.S.C. § 1983 action. The Court first considers plaintiff's allegations that defendants denied him medical treatment. Plaintiff alleges that he experienced back and head pain following a fall, that Del Rosario and Brewer came to his aid, asked him what was wrong, looked at his back and head and, seeing no discernible injury, denied his request for medical treatment. Plaintiff does not present evidence or even allege that he had back or head injuries that would be obvious to a layperson, he acknowledges that he received medical care within two days, and he does not allege that he suffered any medical or physical complications as a result of the delay. Neither "a mere negligent failure to diagnose or treat a condition" nor "an alleged delay in the receipt of medical treatment" is sufficient to state a claim of deliberate indifference. *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992); *see also Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (lack of any discernable physical injury defeats any denial of medical care claim; in order to state a claim for denial of medical care, a plaintiff must first show that "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention"); *see also Estelle*

*v. Gamble*, 429 U.S. 97, 104 (1976) (to state a claim under the Eighth Amendment, plaintiff must show a "deliberate indifference to serious medical needs"). Plaintiff also alleges that Fatoki, Plunkett, and Miller also denied him medical treatment, but his allegations against these defendants amount to no more than a simple disagreement with the course of medical care provided. Such allegations fail to state an Eighth Amendment claim. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) ("an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim").

None of plaintiff's other allegations amount to constitutional violations for which plaintiff can seek relief in this 42 U.S.C. § 1983 action. Plaintiff's allegations that the various defendants laughed at him for various reasons, called him by an obscene name, ridiculed him for various reasons, and so forth do not state claims of constitutional dimensions. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (a prison guard calling an inmate an obscene name is not a constitutional violation); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation). Likewise, plaintiff's allegations that the various defendants tried to trip him, slammed a door, threw his laundry bag on the floor, offered him popcorn that had been touched, allowed other inmates to use the telephone and watch television, delayed his access to a telephone and later placed the call for him, and so forth are nonsensical and fail to state claims of constitutional dimensions. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

As an alternate basis for dismissal, the Court notes that plaintiff specifies that he sues all of the defendants in their official capacities only. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine*

*Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on such a suit, a plaintiff must establish the existence of a policy or custom resulting in his injury to recover against public employees in their official capacities. *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984). Plaintiff makes no such allegations in the amended complaint, and he therefore fails to state a claim against the defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint and all of plaintiff's causes of action against all defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 12) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion requesting forms (Docket No. 18) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(3).

Dated this 7th day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE